IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**WILD HORSE OBSERVERS
ASSOCIATION,** *et al.*

      Plaintiffs,

    vs.                            No. 1:11-CV-00335-MCA-RHS

**KEN SALAZAR, Sectretary of the U.S.
Department of the Interior,** *et al.*

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Plaintiffs' Motion to Amend Petition*

[Doc. 33] and *Defendant Al Baca's Motion to Dismiss for Lack of Subject Matter*

*Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted* [Doc. 6].

Having considered the submissions, the relevant case law, and otherwise being fully

advised in the premises, the Court denies *Plaintiffs' Motion to Amend Petition* [Doc. 33]

and grants *Defendant Al Baca's Motion to Dismiss for Lack of Subject Matter*

*Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted* [Doc. 6].

## I.    BACKGROUND

Plaintiff Wild Horse Observers Association (WHOA) is a public nonprofit

corporation, the mission of which is "to protect and preserve the wild horses and their

habitat in the area of Placitas, New Mexico and in all of New Mexico." [Doc. 4 at 2]  The

members of WHOA "observe, study, and aesthetically enjoy the wild horses of New

Mexico" and "recreate in and around areas that the wild horses roam–searching for them, photographing them and watching them in their family groups." [Doc. 4 at 2]  Plaintiffs Patience O'Dowd, Sandy Johnson, Chuck Johnson, Kevin Quail, Adelina Sosa, Judith Chase, and Diane Ransom, are members of WHOA. [Doc. 4 at 2-3]

On May 18, 2011 Plaintiffs filed an *Amended Petition for Preliminary Injunction, Declaratory Judgment, and Permanent Injunction* against the Secretary of the United States Department of the Interior Ken Salazar, the Director of the United States Bureau of Land Management Bob Abby (hereinafter referred to collectively as the "Federal Defendants"), and Al Baca. [Doc. 4]  Plaintiffs' *Amended Petition* alleges that "[t]here are approximately 100 unbranded and unclaimed horses on United States public lands in the area near and around Placitas, New Mexico," which the Federal Defendants have failed to inventory and protect in violation of the Wild Free-Roaming Horses and Burros Act, 16 U.S.C. § 1331, *et seq.* (hereinafter referred to as "the Wild Horses Act").  [Doc. 4 at 6] With respect to Baca, the *Amended Petition* alleges, in relevant part, that Baca intends to round up and remove these wild horses in violation of the criminal provisions of the Wild Horses Act, see 16 U.S.C. § 1338, and that the Federal Defendants have provided Baca with corral panels for this purpose.  [Doc. 4 at 10]  The *Amended Petition* seeks relief under the Administrative Procedure Act (APA), 5 U.S.C. §§ 702, 706(1), for the Federal Defendants' failure "to take a discrete agency action that it is required to take–to designate the Placitas horses as wild, and to manage and protect them as components of the public lands, in a manner that is designed to achieve and maintain a thriving natural

ecological balance on public lands." [Doc. 4 at 12]  The relief requested is a preliminary and permanent injunction "ordering that the Defendant not remove the wild horses from the area in and around Placitas, New Mexico without following the dictates of the [Wild Horses Act]," as well as a declaratory judgment "declaring that Defendant BLM is required to implement the [Wild Horses Act] with respect to the wild horses in the area of Placitas, New Mexico." [Doc. 4 at 12-13]

On June 27, 2011, Baca filed *Defendant Al Baca's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted*.  [Doc. 6]  In his motion, Baca contends that this Court lacks subject matter jurisdiction over the *Amended Petition* because the Wild Horses Act "does not contain any private right of action" and the APA does not apply to a non-governmental defendant. [Doc. 7 at 1]  Alternatively, Baca argues that the *Amended Petition* fails to state a claim upon which relief could be granted because "plaintiffs have not alleged a final agency action, a condition precedent" to a cause of action under the APA.  [Doc. 7 at 5]

Plaintiffs respond that their "action concerning Mr. Baca is not brought pursuant to the APA; Plaintiffs' action is pursuant to this Court's Supplemental Jurisdiction under 28 U.S.C. § 1367 because it is a claim that is so related to the claims in the action that it is within the court's jurisdiction as a part of the same case or controversy." [Doc. 11 at 1] Plaintiffs concede that they "did not cite this jurisdictional statute" and, therefore, request "leave to amend their complaint to include this jurisdictional statute citation." [Doc. 11 at 2]

On January 20, 2012, Plaintiffs filed *Plaintiffs' Motion to Amend Petition*.  [Doc. 33]  Plaintiffs' proposed *Second Amended Petition* "takes out the original Claim 1 for a preliminary injunction" and clarifies the legal basis for Plaintiffs' claim against Baca. [Doc. 33 at 1]  Specifically, the proposed *Second Amended Petition* cites 28 U.S.C. § 1367 as the jurisdictional basis for Plaintiffs' claim and clarifies Plaintiffs' allegation that Baca was acting in concert or in conspiracy with the Federal Defendants "to detain or round up wild horses in violation of federal and/or state law." [Doc. 33 at 1]

## II.     STANDARDS OF REVIEW

A complaint may be amended "once as a matter of course" within "21 days after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P. 15(a).  Thereafter, an amendment requires leave of the Court or written consent of the adverse party.  Such "leave shall be freely given when justice so requires." Id.  It is within the Court's discretion, however, to deny leave to amend a pleading under Fed. R. Civ. P. 15(a) based upon a justifying reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); accord Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996).  A motion to amend a complaint is futile if, notwithstanding the amendment, the complaint "would be subject to dismissal." Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc., 175 F.3d 848, 859 (10th Cir. 1999).

Under Fed. R. Civ. P. 12(b)(6), a complaint is subject to dismissal if it fails "to state a claim upon which relief can be granted." The sufficiency of a complaint is a question of law, and when considering and addressing a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. See Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006). Further, in order to withstand a rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal citation omitted) (Iqbal). If a plaintiff cannot nudge the claims "across the line from conceivable to plausible," the complaint must be dismissed. Id. at 570.

## III.   DISCUSSION

A.   *Plaintiffs' Motion to Amend Petition* [Doc. 33]

*Plaintiffs' Motion to Amend Petition* asks the Court to exercise supplemental jurisdiction over Plaintiffs' claims against Baca. [Doc. 33] Pursuant to Section 1367(a), a district court has supplemental jurisdiction over claims based on state or local law that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The

only state law claim mentioned in the proposed *Second Amended Petition* is that of

conspiracy.[1]  Under New Mexico law, civil conspiracy requires the plaintiff to show the

following:

> (1) that a conspiracy between two or more individuals existed; (2) that
> specific wrongful acts were carried out by the defendants pursuant to the
> conspiracy; and (3) that the plaintiff was damaged as a result of such acts.
> Unlike a conspiracy in the criminal context, a civil conspiracy by itself is
> not actionable, nor does it provide an independent basis for liability unless a
> civil action in damages would lie against one of the conspirators.

Seeds v. Lucero, 113 P.3d 859, 863-64 (N.M. App. 2005) (internal quotation marks and

citations omitted).  "A civil conspiracy must actually involve an independent, unlawful

act that causes harm–something that would give rise to a civil action on its own."

Ettenson v. Burke, 17 P.3d 440, 445 (N.M. App. 2001).  "Without an actionable civil case

against one of the conspirators, however, an agreement, no matter how conspiratorial in

nature, is not a separate, actionable offense."  Id.

---

[1]In *Plaintiffs' Reply to Defendant Baca's Response to Plaintiffs Motion for Leave to File a Second Amended Petition for Declaratory Judgment and Permanent Injunction*, Plaintiffs suggest, for the first time, that the alleged round up of the Placitas horses would violate NMSA 1978, Section 77-13-2. [Doc. 45 at 4]  Because this argument was raised for the first time in Plaintiffs' reply brief, it may be deemed waived.  See United States v. Harrell, 642 F.3d 907, 918 (10th Cir. 2011). ("[A]rguments raised for the first time in a reply brief are generally deemed waived.").  Regardless, Plaintiffs' proposed *Second Amended Petition* fails to state a claim for a violation of Section 77-13-2, which provides that "[a] person shall not impound an estray *except when the estray is found on property the person owns or controls*." (emphasis added); see also NMSA 1978, § 77-2-1.1(N) (defining an estray as "livestock found running at large upon public or private lands, either fenced or unfenced, whose owner is unknown, or that is branded with a brand that is not on record in the office of the board or is a freshly branded or marked offspring not with its branded or marked mother, unless other proof of ownership is produced.").  Because the *Second Amended Petition* alleges that Baca intends to round up Placitas horses found on his own property, and Section 77-13-2 does not prohibit a landowner from impounding estrays "found on the property the person owns or controls," the proposed amendment is denied as futile.

Plaintiffs' proposed *Second Amended Petition* fails to allege that Baca conspired to commit a tort that would give rise to a civil action in damages.[2]  The Wild Horses Act does not give rise to a civil action in damages.  See Fund for Animals v. United States Bureau of Land Mgmt., 357 F. Supp. 2d 225, 227 (D.D.C. 2004) (observing that the Wild Horses Act does not provide a private right of action).  To the extent that Plaintiffs rely on the criminal provisions of the Wild Horses Act, the Court notes that a civil conspiracy cannot be premised on an underlying criminal statute.  Ettenson, 17 P.3d at 448 (rejecting the plaintiff's civil conspiracy claim because it was based on the defendants' alleged conspiracy to commit criminal acts).  Because the proposed *Second Amended Petition* fails to state a claim for civil conspiracy, *Plaintiffs' Motion to Amend Petition* is denied as futile.[3]  [Doc. 33]

Plaintiffs contend that their *Motion to Amend Petition* should be granted because "[t]he law recognizes that a private individual can be a joint participant with the government in the violation of federal rights and that the private individual can be held responsible for that participation." [Doc. 33 at 4]  In support thereof Plaintiffs rely on Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442 (10th Cir. 1995).  In Gallagher,

---

[2]Plaintiffs do not allege that Baca conspired with the Federal Defendants to violate the APA.  Regardless, an agency's violation of the APA does not give rise to a civil action in damages and, as such, cannot support a claim for civil conspiracy.  See 5 U.S.C. § 702 (providing that an APA claim must seek relief "other than money damages").

[3]To the extent that the proposed *Second Amended Petition* seeks to omit the request for a preliminary injunction against the Federal Defendants, *Plaintiffs' Motion to Amend Petition* is denied as futile because Plaintiffs' claims against the Federal Defendants are barred by the six-year statute of limitations in 28 U.S.C. § 2401(a). [See Doc. 47]

the plaintiffs filed a civil rights action under 42 U.S.C. § 1983, alleging that "prior to

entering an arena on the University of Utah campus to attend a concert, they were

subjected to unreasonable pat-down searches in violation of the Fourth Amendment." Id.

at 1444.  "The district court found that because the searches were conducted by

employees of a private security company, they did not constitute the state action

necessary to support a Section 1983 claim." Id.  The Tenth Circuit Court of Appeals

affirmed the judgment of the district court, but noted that the element of state action is

present under 42 U.S.C. § 1983 when "a private party is a 'willful participant in joint

action with the State or its agents.'" Id. at 1453 (quoting Dennis v. Sparks, 449 U.S. 24,

27 (1980)).  A private party may be a willful participant in joint action with the State or

its agents if "the requirements for establishing a conspiracy under Section 1983" are met.

Id. at 1454.

     Plaintiffs' reliance on Gallagher is misplaced.  Section 1983 provides for a private

right of action against private actors whose conduct is "fairly attributable to the State."

Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (U.S. 1982).  The joint action test is

one way of determining whether private conduct is fairly attributable to the State for the

purposes of Section 1983.  See Gallager, 49 F.3d at 1447.  However, Plaintiffs' proposed

*Second Amended Petition* does not allege that Baca conspired with the Federal

Defendants to violate Plaintiffs' constitutional rights contrary to 42 U.S.C. § 1983.

Rather, the proposed *Second Amended Petition* alleges that Baca conspired with the

Federal Defendants to violate the Wild Horses Act.  Because the Wild Horses Act, unlike

Section 1983, does not provide for a private right of action, regardless of whether a

private actor conspires with or acts in concert with a governmental actor, Plaintiffs'

proposed *Second Amended Petition* fails to state a claim upon which relief can be granted.

Accordingly, *Plaintiffs' Motion to Amend Petition* as to Baca must be denied as futile.

[Doc. 33]

B.      *Defendant Al Baca's Motion to Dismiss for Lack of Subject Matter Jurisdiction*
        *and Failure to State a Claim Upon Which Relief Can Be Granted.*  [Doc. 6]

        Having denied *Plaintiffs' Motion to Amend Petition* as to Baca, the Court next

considers *Defendant Al Baca's Motion to Dismiss for Lack of Subject Matter Jurisdiction*

*and Failure to State a Claim Upon Which Relief Can Be Granted* [Doc. 6].  Defendant

Baca moves to dismiss the *Amended Petition* claiming, *inter alia*, that it fails to state a

claim for relief under the Wild Horses Act.[4]

        As explained above, the Wild Horses Act does not provide for a private right of

action.  To the extent that Plaintiffs rely on the criminal provisions of the Wild Horses

Act, the Court notes that "criminal statutes that do not provide for a private right of action

. . . are . . . not enforceable through a civil action."  Andrews v. Heaton, 483 F.3d 1070,

1076 (10th Cir. 2007).  "Something more than the threatened commission of an offense

against the laws of the land is necessary to call into exercise the injunctive powers of the

court.  There must be some interferences, actual or threatened, with property or rights of a

---

[4]Baca also contends that the *Amended Petition* fails to state a claim for relief under the APA.  However, the Court need not address Baca's APA claim, because Plaintiffs have assured the Court that their "action concerning Mr. Baca is not brought pursuant to the APA." [Doc. 11]

pecuniary nature . . . ."  <u>Nat'l Ass'n of Letter Carriers, AFL-CIO v. Indep. Postal System</u>

<u>of America, Inc.</u>, 470 F.2d 265, 271 (10th Cir. 1972) (quoting <u>In re Debs</u>, 158 U.S. 564,

593 (1895).  The *Amended Petition* fails to allege that Baca's alleged intent to round up

the Placitas horses interferes with Plaintiffs' "property or rights of a pecuniary nature."

<u>Id</u>.  Accordingly, the *Amended Petition* fails to state a claim upon which relief can be

granted.

Plaintiffs contend, however, that this Court may issue an injunction "to protect the

horses and the Plaintiffs from roundup" under <u>State ex rel. Marron v. Compere</u>, 103 P.2d

273 (N.M. 1940).  In <u>State ex rel. Marron</u>, the State of New Mexico sought to enjoin the

defendant from engaging in the practice of medicine without a license in violation of New

Mexico law.  <u>Id.</u> at 273.  The defendant moved to dismiss the complaint, arguing that the

"penal provisions of (1929 Comp., § 110-110) of the Medical Practice Act afford an

adequate remedy."  <u>Id.</u> at 275.  The New Mexico Supreme Court rejected the defendant's

argument, holding that "injunctive relief may be employed to protect the public health,

morals, safety and welfare from irreparable injury by a public nuisance."  <u>Id</u>. at 276.  The

Court observed that "the fact that the acts constituting the nuisance are punishable

criminally" does not "deprive equity of its power to enjoin in a proper case.  Equity acts

in such cases, not because the acts are criminal, but rather in spite of that fact."  <u>Id.</u>

Because the facts, as alleged in the complaint fell "easily under the definition of a public

nuisance," the Court remanded the case with direction to overrule the defendant's motion

to dismiss.  <u>Id.</u> at 277, 279.

Plaintiffs' *Amended Petition* does not allege that Baca's conduct constitutes a public nuisance or otherwise violates New Mexico law.  See generally Padilla v. Lawrence, 685 P.2d 964, 970 (N.M. App.1984) ("A public nuisance is one which adversely affects public health, welfare, or safety."); see also part III.A. of this Memorandum Opinion and Order, supra.  Accordingly, State ex rel. Marron is inapplicable to the present case.

For the foregoing reasons, Plaintiff's *Amended Petition* fails to state a claim upon which relief can be granted.  Accordingly, *Defendant Al Baca's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted* is granted [Doc. 6].  Because it would be futile to grant Plaintiffs leave to amend their *Amended Petition*, the claims against Baca are dismissed with prejudice.  See Brereton v. Bountiful City Corp., 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

## III.   CONCLUSION

Plaintiffs' proposed *Second Amended Petition* fails to state a claim for relief against Baca and, therefore, *Plaintiffs' Motion to Amend Petition* is denied as futile. [Doc. 33]

The Court further concludes that Plaintiffs' *Amended Petition* fails to state a claim for relief against Baca.  Accordingly, the Court grants *Defendant Al Baca's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which*

*Relief Can Be Granted* [Doc. 6] and dismisses the claims against Baca with prejudice.

**IT IS THEREFORE ORDERED** that *Plaintiffs' Motion to Amend Petition* [Doc. 33] is **DENIED**.

**IT IS FURTHER ORDERED** that *Defendant Al Baca's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted* [Doc. 6] is **GRANTED**.

**IT IS FURTHER ORDERED** that the claims against Baca are **DISMISSED WITH PREJUDICE.**

**SO ORDERED** this 28th day of September, 2012, in Albuquerque, New Mexico.

M. CHRISTINA ARMIJO
United States District Judge